Mr. Saulsbury, for the defendants, moved to quash the rule, because it was not laid on the individual members of the Levy Court.
Saulsbury. — This court is not a corporation, and cannot be sued by its title. Its members must be individually named. [2 Con. Rep. 487; Del. Dig. 97.] If the rule should be made absolute against the Levy Court, how would it be enforced? The court could not be attached; its members must be reached, and therefore its members must be named.
2. We ask that the rule be quashed, because it asks for nothing. To show cause why a mandamus shall not issue — for what? The judgment or writ must follow the rule, and that would amount to nothing. [AngelCorp. 660-1.]
Houston. — It is an unusual motion; to quash a rule; a rule to show cause; the mildest form of proceeding. The redress here sought is against the Commissioners of the Levy Court, in their aggregate capacity, as a body, and not against the individual members. This is a preliminary motion. It would not be safe in such a rule to name the commissioners, for being a fluctuating body, it may change before the writ of mandamus issues. When that goes out, it of course names the persons who compose the body of this Levy Court. They have been served with notice, and have appeared. *Page 16 
 Mr. McFee cited 3 Harr. Rep. 294, The State vs. The Wilmington City Council.
Mr. Houston. — The rule is laid generally in reference to the affidavit, to show cause why a mandamus should not issue in the case, according to the affidavit.
Mr. Cullen replied. — Every case must be presented to the court in some form; between certain parties; for some purpose. This proceeding is against nobody, and for nothing. It is a rule at the relation of S. P. Houston, late clerk of the peace, against the Levy Court of Sussex, an unincorporated body, calling on it to show cause why a mandamus shall not issue. For what? Commanding them to do, or to omit what? Suppose the rule is made absolute. A first mandamus issues, commanding something to be done, or cause to be shown to the contrary. The Levy Court shows cause, and this cannot be traversed. The relator is put to his action. Against whom? Not the Levy Court. It has no corporate existence, and cannot be sued. It has not even individual members, so far as appears in this case. Even the sheriff's return is "made known to the defendant;" but who they are, neither the petition, affidavit nor return shows.
By the Court. — We vacate the rule on the second ground taken in the argument, namely, that the object or purpose of the rule is not stated, and it gives no notice to the defendants of the object of the mandamus.
In every proceeding before a court of justice, however commenced, the defendant is entitled to know, generally, what is the nature and object of the action, before he can be called on to answer it.
We say nothing at present on the other point, but we vacate the rule; and the party may have leave to amend the motion.